UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-355-GWU

CHARLES LEE WORLEY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Charles Worley brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

Case: 5:07-cv-00355-GWU   Doc #: 12   Filed: 07/16/08   Page: 5 of 12 - Page ID#: 61

07-355  Charles Lee Worley

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Worley, a former security guard, suffered from impairments related to the congenital absence of fingers of the left hand, right knee pain, being status-post right knee surgery, asthma, hiatal hernia with gastroesophageal reflux disease, low back pain (musculoskeletal in origin), and a ganglion cyst on the right wrist.  (Tr. 24, 26).  Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 24).  Since the claimant would be able to return to his past relevant work, he could not be considered totally disabled.  (Tr. 26).

The procedural history of this case is very important and significantly affects the time frame pertinent to the appeal.  Worley previously filed an application for DIB in January of 2002.  (Tr. 21).  This application was denied at all administrative levels and became final as of July 25, 2003, the date Roger Reynolds, an ALJ,

7

issued his denial decision. (Tr. 76-82). The plaintiff did not appeal this denial decision to federal district court. The claimant filed his current DIB application on January 20, 2004 alleging a disability onset date of December 1, 1999. (Tr. 103-105). The issue of reopening the prior DIB application was specifically raised by Rodney Davis, Worley's legal representative, at the third hearing held concerning this application on March 7, 2007.[1] (Tr. 300). In his denial decision, the current ALJ rejected this motion. (Tr. 23). Thus, the time period for consideration of this DIB claim runs from the July 26, 2003 date after the prior denial decision though December 31, 2003, the claimant's date last insured.[2] (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment and deny that of the plaintiff.

---

[1] Worley appeared at the first administrative hearing, held on March 17, 2005, without counsel. (Tr. 266-279). The ALJ, concerned that he did not understand all of the legal implications concerning the res judicata effect of his earlier denial decision raised by Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997), continued the hearing in order for him to obtain legal representation. (Tr. 275). The plaintiff was represented at the second hearing on June 2, 2005 by attorney Rebecca Ventner who moved that the onset date be amended to July 26, 2003 which the ALJ granted. (Tr. 283). The ALJ later dismissed the action and this decision was reversed by the Appeals Council on September 9, 2006. (Tr. 227-229). Attorney Rodney Davis represented the claimant at the third hearing and sought to set aside the amendment of the onset date and to seek reopening of the prior denial decision. (Tr. 299-300).

[2] The plaintiff's representative mistakenly indicates in his brief that the date last insured was December 1, 1999. Plaintiff's Brief, Docket Entry No. 10, p. 4.

In determining that Worley could return to his past relevant work, the ALJ relied heavily upon the testimony of Vocational Expert Joyce Forrest.  The hypothetical question presented to Forrest included an exertional restriction to light level work, restricted from a full range by such non-exertional restrictions as (1) an inability to ever lift, push, pull, reach, handle, finger or feel with the left hand; (2) an inability to ever crawl and climb ladders, ropes or scaffolds; (3) a need to avoid exposure to dust, gases, temperature extremes, excessive humidity, heights, industrial hazards, or vibration; (4) an inability to ever operate foot controls with the right leg; (5) an inability to ever perform rapid or repetitive flexion or extension of the right wrist.  (Tr. 315).  In response, the witness testified that Worley's past work as a security guard could still be performed.  (Tr. 316).  Therefore, assuming that the vocational factors considered by Forrest fairly depicted the plaintiff's condition during the relevant time period, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Worley was found capable of performing a restricted range of light level work in the administrative decision which became final on July 25, 2003. (Tr. 81).  The current ALJ adopted this residual functional capacity in the current action and these restrictions were presented in the hypothetical question. (Tr. 24-26).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  Drummond,

07-355 Charles Lee Worley

126 F.3d at 842. Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ." The ALJ in the current action specifically found that no new and material evidence of record was introduced by the plaintiff which would warrant a change in the residual functional capacity. This action is well supported in the record.

Worley submitted no new medical evidence dated from the relevant time period. (Tr. 1-7). Dr. Bobby Kidd examined the plaintiff in June, 2004, some six months after the expiration of his DIB-insured status, and noted agenesis of the left hand. (Tr. 169). The doctor did not identify more severe functional limitations than those previously found. (Tr. 166-176). Treatment records from the Marcum and Wallace Memorial Hospital dated from June and July of 2005 (Tr. 196-209) and Dr. Michael Geile, dated between July, 2005 and February, 2006 (Tr. 210-226), do not reveal the existence of more severe functional restrictions than those found by the ALJ which would "relate back" to the relevant time period. Dr. Ronald Brown (Tr. 177-185) and Dr. Humilidad Anzures (Tr. 186-194) each reviewed the record and opined that the prior residual functional capacity assessment should be adopted. These reports provide substantial evidence to support the administrative decision.

07-355 Charles Lee Worley

Dr. Barry Burchett examined Worley in January of 2007, more than three years after the expiration of his DIB-insured status. (Tr. 249-259). Dr. Burchett diagnosed a significant left upper extremity abnormality from birth, significant osteoarthritis of the right hand, possible rotator cuff injury of the right shoulder, chronic low back pain with radiculopathy symptoms, asthma and hypertension. (Tr. 252-253). The physician completed a Medical Source Statement of Ability to do Work-Related Activities Form upon which he identified very severe physical limitations. (Tr. 256-259). The ALJ conceded at the most recent hearing that these restrictions would be disabling. (Tr. 322). However, these restrictions would not appear to "relate back" to the pertinent time frame. These more restrictive limitations were tied heavily to such conditions as osteoarthritis in the right hand, the right shoulder rotator cuff tear, and low back pain. (Tr. 256-259). There is no evidence that these conditions existed in the relevant time period. Furthermore, Dr. Kidd's examination results from June, 2004, do not support a claim that these problems existed even at that time. For example, Dr. Burchett's examination of the claimant's right hand revealed the presence of Heberden's nodes and Bouchard's nodes, findings which suggest osteoarthritis. (Tr. 252). In contrast, Dr. Kidd specifically reported finding no Heberden's nodes and Bouchard's nodes and his examination results of the right hand were essentially normal. (Tr. 168). Unlike Dr. Burchett in 2007, Dr. Kidd in 2004 noted no problems with a rotator cuff tear or

07-355 Charles Lee Worley

radicular symptoms. Therefore, at best, Dr. Burchett's findings suggest a deterioration in the plaintiff's condition well after the expiration of his DIB-insured status and, so, this report does not help his current claim.

Worley argues that the ALJ erred in failing to reopen the prior denial decision. If this action had been taken, he might have been able to relate Dr. Burchett's findings to the prior medical evidence. However, as noted by the defendant, an ALJ's refusal to reopen a prior decision is not reviewable by the federal courts absent a colorable constitutional claim. Califano v. Sanders, 430 U.S. 99, 108-109 (1977). The plaintiff raises no constitutional issues on this appeal. Therefore, the court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 16th day of July, 2008.



**Signed By:**
*G. Wix Unthank*
**United States Senior Judge**

12